**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2479
_____

ANDREW FIELDS,
Appellant

v.

FEDERAL BUREAU OF PRISONS; PAEDRO, Educational Supervisor;
JEREMY DRESSLER, Correctional Officer; BRENT CHAPPELL, Correctional Officer;
MATTHEW HESS, Correctional Officer; JEFFREY STROUD, Correctional Officer;
JAMES DITZ, Correctional Officer; BARTH, Nurse; JENNIFER ENIGKT, S.M.U.
Psychologist; GILIGAN, Correctional Officer; POTTER, Nurse;
BENEDICT, Correctional Officer; FARMINGER, Nurse; SCOTT, Lieutenant;
JAY RHODES; DANON COLBERT; TROUTEMAN, Lieutenant;
WILSON, Lieutenant; LEONOWICK, Lieutenant; ROBINSON, Nurse;
DAVID EBBERT
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil Action No. 3:18-cv-00306)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 1, 2025
Before:  HARDIMAN, MATEY, and CHUNG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 6, 2025)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Andrew Fields appeals the District Court's sua sponte dismissal of his case for failure to prosecute. For the following reasons, we will affirm the judgment of the District Court.

In February 2018, Fields, a federal inmate proceeding pro se, filed a Bivens[1] action alleging harassment and other claims against the Bureau of Prisons ("BOP") and numerous BOP employees. Over the course of this protracted litigation, the District Court twice allowed Fields to amend his complaint. After extensions of time necessitated by prison transfers, Fields filed his second amended complaint on May 31, 2022. After additional delays in the proceedings relating to Fields' failure to effectuate service of process on newly named defendants, the served Defendants filed a motion to dismiss and for summary judgment.

Fields filed a timely motion to extend the time in which to respond, advising that he had again been transferred to a new prison (USP-Pollock) and did not yet have his personal property, including the legal materials needed to respond to the motion. The District Court granted the motion, directing Fields to file a responsive brief by March 24, 2023. See D.Ct. ECF No. 93 at 1 ("Plaintiff shall **FILE**") (emphasis in original).

On June 22, 2023, after no further filings were received from Fields, the District Court issued an Order to Show Cause. It noted that Fields had failed to respond to the

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

Defendants' dispositive motion or request a further extension of time in which to do so, such that he appeared to have abandoned his lawsuit. The District Court ordered Fields to show cause on or before July 7, 2023, why the action shouldn't be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). He was warned that a failure to respond would result in the dismissal of his case with prejudice. See D.Ct. ECF No. 94 at 3-4.

The order was mailed to Fields at USP-Pollock. On July 7, 2023, it was returned as undeliverable with the notation "person not found at this facility." D.Ct. ECF No. 95. On July 11, 2023, after considering the factors set forth in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), the District Court dismissed the action pursuant to Rule 41(b). Fields filed a timely notice of appeal.[2]

We have jurisdiction under 28 U.S.C. § 1291. We review a district court's sua sponte decision to dismiss a case pursuant to Federal Rule of Civil Procedure 41(b) for an abuse of discretion. Briscoe v. Klaus, 538 F.3d 252, 257 (3d Cir. 2008). "While we defer to the District Court's discretion, dismissal with prejudice is only appropriate in

---

[2] Fields also filed a "Motion for Order to Show Cause," in which he asserted without additional support that he submitted an opposition brief to the District Court. D.Ct. ECF No. 102 at 1-2. Construing the submission as a motion for reconsideration, the District Court denied relief after Fields filed his notice of appeal. See D.Ct. ECF No. 109 at 2 n.1 (noting that neither the Court nor defense counsel received Fields' response, and that Fields had "yet to reproduce a copy of the brief he claims he filed"). Fields did not file a new or amended notice of appeal from the order denying reconsideration, and the time in which to do so has expired. This Court thus lacks jurisdiction to review that order. See Fed. R. App. P. 4(a)(4)(B)(ii); Carrascosa v. McGuire, 520 F.3d 249, 253-54 (3d Cir. 2008).

3

limited circumstances and doubts should be resolved in favor of reaching a decision on the merits." Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002).

Under Rule 41(b), a district court may punitively dismiss an action if a litigant has failed to prosecute or comply with a court order. Prior to doing so, it must balance the following factors, as set forth in Poulis: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary …; (3) a history of dilatoriness; (4) whether the conduct of the party … was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Poulis, 747 F.2d at 868.

Here, after considering the individual Poulis factors, the District Court concluded that they "weigh[ed] heavily in favor of dismissal." D.Ct. ECF No. 98 at 11. Among other findings, it noted Fields' sole responsibility, as a pro se litigant, to prosecute his case, see Emerson, 296 F.3d at 190, his failure to respond to the Defendants' motion to dismiss or to the District Court's Order to Show Cause, and his failure to apprise the Court of his change of address. It found that Fields' repeated failures to comply with court orders demonstrated both a history of dilatoriness and "a willful disregard for procedural rules and court directives," D.Ct. ECF No. 96 at 9, and that such failures going forward would prejudice the Defendants' ability to seek a timely resolution of the case. It further concluded that monetary sanctions would not be effective against a pro se litigant such as Fields, see Emerson, 296 F.3d at 191, and that further court orders aimed at obtaining Fields' compliance were likely to be ineffective.

4

While the District Court assumed without deciding that Fields' claims had merit, and thus the sixth Poulis factor weighed in Fields' favor, it determined that "the untested merits of the non-compliant Plaintiff's claims, standing alone, cannot prevent imposition of sanctions." D.Ct. ECF No. 96 at 10-11. As the District Court correctly noted, not all of the Poulis factors must be satisfied in order to justify dismissal, see Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003), and no single factor is determinative, see Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).[3]

There is no "magic formula" or "mechanical calculation" to determine whether a District Court abused its discretion in its balancing of the Poulis factors and subsequent dismissal under Rule 41. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). While "we might not have reached the same result as did" the District Court, "we cannot say that [it] abused its discretion in ordering the dismissal" of Fields' action. Poulis, 747 F.2d at 870; see also Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 642 (1976) (noting that the question is not whether this Court "would as an original matter have dismissed the action," but rather "whether the District Court abused its discretion in so doing").

Accordingly, we will affirm the judgment of the District Court.

---

[3] Fields does not meaningfully challenge these findings on appeal, or assert that they are not supported by the record. Rather, Fields reiterates his claim that he filed his brief in opposition to the Defendants' motion in "mid to late February-March 2023," but that the brief "never made it to the court." 3d Cir. ECF No. 34 at 7. While Fields belatedly submitted his purported brief in opposition to this Court on appeal, he submitted no support to this Court, or the District Court, for his proposition that the brief was actually mailed, such as a mail log.